# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALAN PESCH** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **20-288-SDD-EWD** |
| **PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, ET AL.** | |

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained

by Alan Pesch ("Plaintiff") on February 3, 2019 in Ascension Parish, Louisiana when Plaintiff's

vehicle was rear-ended on the interstate by the vehicle driven by Defendant Trace Adair ("Adair"),

who was insured by Defendant Progressive Northwestern Insurance Company ("Progressive").[1]  On

May 21, 2019, Plaintiff filed his Petition for Damages ("Petition") against Adair and Progressive in

the Twenty-Third Judicial District Court for the Parish of Ascension alleging that Adair's negligence

caused the Accident, which resulted in injuries to Plaintiff.[2]  On May 11, 2020, Progressive removed

the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3]

However, as explained below, the Notice of Removal is deficient in its allegations regarding

Plaintiff's citizenship.

Proper information regarding the citizenship of all parties is necessary to establish the Court's

diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding

whether the case was properly removed to this Court.  The Notice of Removal properly alleges that

Adair is a citizen of Arkansas and Progressive is an Ohio insurer with its principal place of business

in Ohio.[4]  Moreover, the amount in controversy requirement appears to be met based on the amount

---

[1] R. Doc. 1-2, ¶¶ 1-6.
[2] R. Doc. 1-2, ¶¶ 7-9.  Progressive avers that Adair has consented to the removal of this matter.  R. Doc. 1, p. 4.
[3] R. Doc. 1, introductory paragraph and pp. 2-3.
[4] R. Doc. 1, p. 2.

demanded by Plaintiff in a pre-removal settlement demand, which was filed under seal due to the settlement communications contained therein.[5]

The Notice of Removal is deficient with respect to the allegations of Plaintiff's citizenship. Plaintiff is alleged in the Notice of Removal (and in the Petition) to be "a resident of Louisiana."[6] Allegations of residency are not sufficient to adequately allege the citizenship of an individual; rather, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[7] Accordingly, to properly plead Plaintiff's citizenship, Progressive must plead Plaintiff's domicile.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the parties are completely diverse.[8]

Accordingly,

**IT IS ORDERED** that **on or before May 25, 2020**, Defendant Progressive Northwestern Insurance Company shall file a Motion to Substitute the Notice of Removal with a comprehensive Amended Notice of Removal that contains all of Defendant's numbered allegations, as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of Plaintiff Alan Pesch.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on May 18, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *See* R. Doc. 6.  The documents filed under seal also indicate that Plaintiff has several disc bulges and disc degeneration and has received medical treatment including a steroid injection.  *See also* Plaintiff's Petition at R. Doc. 1-2, ¶¶ 4-6, alleging that Adair rear-ended Plaintiff while traveling 100 miles per hour and R. Doc. 1-2 ¶ 10, alleging that the value of Plaintiff's claims exceeds $50,000.

[6] R. Doc. 1, p. 2; R. Doc. 1-2, introductory paragraph, alleging Plaintiff is "an adult resident of East Baton Rouge Parish, Louisiana."

[7] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

[8] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

2